IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00395-WYD-MEH

ZAMBEZIA FILM (PTY.), LTD.,

    Plaintiff,

v.

DOES 1-38,

    Defendants.

## MINUTE ORDER

**Entered by Michael E. Hegarty, United States Magistrate Judge, on May 10, 2013.**

The "Motion to Quash" [filed May 7, 2013; docket #16] allegedly filed by Does 1-38 is **denied without prejudice** on several grounds.

At the outset, motion appears to be filed on behalf of each of the Doe Defendants at issue in this case. Unless one of the Doe Defendants is an attorney and the remaining Doe Defendants consent to representation, he or she cannot represent other Doe Defendants in this action.

Second, it is unclear from the motion, which, if any, of the Doe Defendants is responsible for the filing because the pending motion fails to comply with Fed. R. Civ. P. 11(a). Rule 11(a) states in pertinent part,

> Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented. The paper must state the signer's address, email address, and telephone number.

From the content of the present motion, the Court infers that the alleged Doe Defendants seek to proceed in this litigation anonymously. However, they have failed to seek permission from the Court to do so. *See K-Beech, Inc. v. Does 1-29*, 826 F. Supp. 2d 903, 905 (W.D.N.C. 2011) (noting that a party who wishes to proceed anonymously may overcome the presumption against anonymous proceedings by filing a well-reasoned motion to proceed anonymously); *see also West Coast Prods., Inc. v. Does 1-5829*, 275 F.R.D. 9, 12 (D.D.C. 2011) ("federal courts generally allow parties to proceed anonymously only under certain special circumstances when anonymity is necessary to protect a person from harassment, injury, ridicule or personal embarrassment"). Therefore, if the Doe Defendants wish to re-file their motion in accordance with this order and all applicable local and federal court rules, they must first (or contemporaneously) file a motion to proceed

anonymously and provide to the Court their names, addresses, telephone numbers and email addresses in accordance with Rule 11(a) and D.C. Colo. LCivR 10.1K. If Doe Defendants wish to keep their identifying information confidential, they may file their Signature Blocks separately, and may request that the documents be maintained under Restriction Level 2 pursuant to the procedure set forth in D.C. Colo. LCivR 7.2. The Court may strike any motion or other filing that deviates from the requirements of this order or from those set forth in the applicable local or federal rules.

Third, with respect to Doe Defendants' request to quash, no party has filed a copy of the challenged subpoena with this Court. To the extent the present motion seeks to quash or modify a subpoena issued through any district other than the District of Colorado, this Court must deny such request without prejudice. Pursuant to Rule 45(c)(3)(A), only "*the issuing court*" may quash or modify a subpoena (emphasis added). *See, e.g., In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) (only the issuing court has the power to act on its subpoenas); *In re Digital Equipment Corp.*, 949 F.2d 228, 231 (8th Cir. 1991) (court in district where underlying action was pending did not have jurisdiction to rule on objections to deposition subpoenas obtained in another district). "Subpoenas are process of the issuing court, and nothing in the rules even hints that any other court may be given the power to quash or enforce them." *In re Sealed Case*, 141 F.3d at 341 (citations omitted). Accordingly, the court where the action is pending lacks jurisdiction to rule on subpoenas issued from other courts, unless there is a transfer or remittance of the matter from the issuing court. *See In re Digital Equipment Corp.*, 949 F.2d at 231.

Finally, the motion appears to contain allegations regarding an entity known as Prenda Law. The Court notes that Prenda Law is neither a party nor counsel of record in this action. Thus, the Court declines to consider allegations pertaining to this entity for purposes of resolving a motion to quash.